

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 12, 1966

Honorable Ed Keys                  Opinion No. C-580
County Attorney
Ward County                        Re: Whether a person presently
Monahans, Texas                        residing in Commissioner's
                                       Precinct No. 2, but who will
                                       be living in a new precinct
                                       on January 1, 1967, is eli-
                                       gible to run for Commissioner
                                       of Precinct No. 2 in the
                                       1966 election, under the
Dear Sir:                              facts stated.

        In your letter requesting an opinion on the above-
captioned question, you state that the commissioners' precincts
in Ward County have been changed, effective January 1, 1967,
and that as a result of the precinct boundary changes some
people presently residing in Precinct 2 will reside in another
precinct on the effective date of the changes.  Quoting from
your letter, you state further:

        "Article 2351½, R.C.S., clearly states
    that persons presently living in Precinct 2
    but who will live in another precinct on said
    date can run for Commissioner in their new
    precinct in the 1966 general election.  How-
    ever, the question I have to pose is this:
    Can the person presently residing in Precinct
    2 but who will be living in a new precinct
    on said date run for Commissioner in 1966 in
    Precinct 2?"

        Article 2351½, Texas Revised Civil Statutes, enacted
in 1965 (Acts 59th Leg., 1965, ch. 664, p. 1523), reads in
part as follows:

        "(a)  Whenever the Commissioners Court
    changes the boundaries of commissioners pre-
    cincts or of justice precincts, it may specify

-2801-

in its order a future date, not later than
the first day of January following the next
general election, on which the changes shall
become effective. If an election for any
precinct office is held before the effective
date of the order, the office shall be filled
at the election by the voters of the precinct
as it will exist on the effective date of the
change in boundaries. A person who has re-
sided within the territory embraced in the
new boundaries for the length of time re-
quired to be eligible to hold the office
shall not be rendered ineligible by virtue
of the precinct's not having been in exist-
ence for that length of time."

Article 1.05 of Vernon's Texas Election Code, as
amended in 1963, provides in part as follows:

"No person shall be eligible to be a
candidate for, or to be elected or appointed
to, any public office in this state unless
he shall be eligible to hold such office under
the Constitution and laws of this state, and
unless he is a citizen of the United States
and shall have resided in this state for a
period of twelve months next preceding the
date of any primary, general or special
election at which he offers himself as a
candidate or next preceding the date of his
appointment, as the case may be, and for any
office which is less than state-wide, shall
have resided for six months next preceding
such election in the district, county, pre-
cinct, municipality or other political sub-
division for which the office is to be filled;
provided, however, that the foregoing residence
requirements shall not apply to any office for
which the Constitution or statutes of the
United States or of this state prescribe residence
qualifications in conflict herewith, and in case
of conflict the provisions of such other laws
shall control.  * * *"

In Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1936,
error dism.), the Commissioners Court of Bexar County, prior
to the primary election in 1936, had entered an order changing

the boundaries of the justice precincts and had specified that the changes were to be effective as of January 1, 1937. The order further provided that the nomination and election of justice precinct officers in the 1936 elections should be in accordance with the precincts as they would exist on and after January 1, 1937. In an election contest over the office of constable for new Precinct No. 1, the Court of Civil Appeals held that the portion of the order providing for the nomination and election of officers for the new precincts was void, as it was not within the power of the commissioners court to authorize persons to become candidates for office and vote in a precinct to be created in the future. The basis for the decision is stated in the following quotation from the opinion, 96 S.W.2d at pp. 841-842:

"The Constitution and statutes of this state, particularly article 2927, R.S. 1925 /now Article 1.05, Vernon's Texas Election Code/, prescribe the qualifications of candidates. One of such qualifications is that a candidate for office must reside for six months in the precinct in which he attempts to become a candidate for office. Certainly no one is at the present time a resident of new precinct No. 1, for the very simple reason that this legal entity does not exist at the present time. It will not come into existence, according to its own terms, prior to January 1, 1937. Until that time no legal entity in the form of a new justice precinct is in existence.

"There can be no question as to the power of the commissioners' court to create new justice precincts, from time to time, for the convenience of the people. * * *

"The commissioners' court also has the power, when lawfully exercised, to pass an order redistricting the county into new justice of the peace precincts to become effective in the future. * * *

"However, when the commissioners' court attempts to determine who may become a candidate or vote in such new districts, it is attempting to legislate upon a subject over

which it has no jurisdiction. The Legislature of this state has fixed the qualifications of candidates for the office of constable, or any other precinct officer, article 2927, R.S.1925, and the commissioners' court cannot add to or take from these qualifications."

The holding in Brown v. Meeks was applicable to commissioners' precincts as well as justice precincts.

In our opinion, the purpose of paragraph (a) of Article 2351½ is to supply the legislative authority, found lacking in the Brown case, for the election of precinct officers in accordance with precinct boundaries which are to become effective in the future, and to make it clear that the precinct residence requirement prescribed by Article 1.05 of the Election Code for seeking and holding the precinct offices shall be determined with reference to the boundaries of the precincts as they will exist upon the effective date of the changes. Thus, a person who on the date of the first primary election in 1966 will have resided for six months in the territory embraced within new Commissioners' Precinct No. 2 of Ward County will meet the precinct residence requirement to be a candidate for nomination for commissioner of that precinct, although he may be living in a precinct of a different number under the old designation. We do not find any indication of an intent to do away with the necessity for meeting the precinct residence requirement as prescribed and clarified in these two statutes. A person living in territory comprised in old Precinct No. 2 but which is transferred to some other precinct under the new order will not meet the residence requirement for commissioner of new Precinct No. 2 and will not be eligible to run for that office.

## S U M M A R Y

Where the commissioners court has adopted an order changing the boundaries of commissioners' precincts, to become effective on January 1, 1967, the precinct residence requirement for running for county commissioner in the 1966 elections is to be determined with reference to the boundaries as they will exist after the effective date of the order. A person residing in territory presently comprised in Commissioners Precinct No. 2 but which is transferred to some other precinct under the new order will not meet the residence requirement for commissioner of new Precinct No. 2 and will not be eligible to run for that office in the 1966 elections. Art. 1.05, Vernon's Texas Election Code,

Hon. Ed Keys, page 5 (C-580)


and Art. 2351½, Texas Revised Civil Statutes
(Acts 59th Leg., 1965, ch. 664, p. 1523).

Yours very truly,

WAGGONER CARR
Attorney General

By: *Mary K. Wall*

Mary K. Wall
Assistant

MKW:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Dean Arrington
Ralph Rash
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright